UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

BERNARDO TELLEZ.

No. 11 CR 644-2
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Defendant was given a non-Guidelines sentence pursuant to 18 U.S.C. § 3553 and *Booker*. He faced a range of 87 months to 108 months of imprisonment under the Guidelines, but based on *Booker* and consideration of 18 U.S.C. § 3553 factors, I imposed a sentence of 70 months imprisonment. Defendant now seeks further reduction.

Under the rules, this Court "*shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and existing policy to a term that is less than the minimum of the" new, amended Guidelines range. I therefore cannot further reduce Defendant's sentence. In *Dillon v. United States*, 130 S.Ct. 2683, 2692-93 (2010), the Supreme Court held that the Commission's policy statements that limit the discretion of the sentencing court in Section 3582(c) motions are binding, notwithstanding *Booker*.

Amendment 782 reduces the base offense levels in the Drug Quantity Table set forth in Guideline § 2D1.1(c) by two levels, here from 34 to 32. With the additional 3-level reduction for acceptance and an additional 2-level reduction for compliance with safety valve, Defendant's adjusted base offense level is 27. With a combined offense level of 27 and a Criminal History Category I, the Court found the Defendant's guideline range was 70 to 87 months imprisonment. Given that Defendant's sentence already is at the low end of the adjusted guidelines, the Court cannot sentence Defendant any lower pursuant to Amendment 782.

The Court denies Defendant's motion.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: January 19, 2016